**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JASMINE SOURBEER,<br><br>Plaintiff,<br><br>v.<br><br>THE SALVATION ARMY, and<br>WILLIAM BALTAEFF,<br><br>Defendants. | CIVIL ACTION - LAW<br><br>No.: 1:26-cv-02119-JKM<br><br>**JURY TRIAL DEMANDED** |

**DEFENDANT THE SALVATION ARMY'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

AND NOW, comes Defendant, THE SALVATION ARMY, by and through its counsel, MARSHALL DENNEHEY, P.C., and PATRICIA A. MONAHAN, ESQUIRE, and files the within ANSWER AND AFFIRMATIVE DEFENSES in response to Plaintiff's Complaint, averring in support thereof as follows:

**INTRODUCTION**

1. The averments set forth in paragraph 1 of Plaintiff's Complaint state conclusions of law to which no response is required. To the extent a response is necessary, Defendant denies these averments.

2. The averments set forth in paragraph 2 of Plaintiff's Complaint state conclusions of law to which no response is required. To the extent a response is necessary, Defendant denies these averments.

3. The averments set forth in paragraph 3 of Plaintiff's Complaint state conclusions of law to which no response is required. To the extent a response is necessary, Defendant denies these averments.

4. The averments set forth in Paragraph 4 of Plaintiff's Complaint state conclusions of law to which no response is required. To the extent a response is necessary, Defendant denies these averments.

## PARTIES

5. Defendant incorporates the averments set forth in paragraphs 1 through 4 above as if fully stated herein.

6. The averments set forth in paragraph 6 of Plaintiff's Complaint are admitted, upon information and belief.

7. The averments set forth in paragraph 7 of Plaintiff's Complaint are denied. To the contrary, Defendant is a New York Corporation.

8. The averments set forth in paragraph 8 of Plaintiff's Complaint are admitted, upon information and belief.

## JURISDICTION AND VENUE

9. Defendant incorporates the averments set forth in paragraphs 1 through 8 above as if fully stated herein.

10. The averments set forth in paragraph 10 of Plaintiff's Complaint are admitted to the extent it is averred that Plaintiff filed an EEOC Charge and PHRC

Complaint. The remainder of the averments state conclusions of law to which no response is required.

11. The averments set forth in paragraph 11 of Plaintiff's Complaint are admitted, upon information and belief.

12. The averments set forth in paragraph 12 of Plaintiff's Complaint state conclusions of law to which no response is required.

13. The averments set forth in paragraph 13 of Plaintiff's Complaint state conclusions of law to which no response is required.

14. The averments set forth in paragraph 14 of Plaintiff's Complaint state conclusions of law to which no response is required.

15. The averments set forth in paragraph 15 of Plaintiff's Complaint state conclusions of law to which no response is required.

16. The averments set forth in paragraph 16 of Plaintiff's Complaint state conclusions of law to which no response is required.

17. The averments set forth in paragraph 17 of Plaintiff's Complaint state conclusions of law to which no response is required.

18. The averments set forth in paragraph 18 of Plaintiff's Complaint state conclusions of law to which no response is required.

## FACTUAL BACKGROUND

19. Defendant incorporates the averments set forth in paragraphs 1 through 18 above as if fully stated herein.

20. The averments set forth in paragraph 20 of Plaintiff's Complaint are denied as stated.

21. The averments set forth in paragraph 21 of Plaintiff's Complaint are admitted.

22. The averments set forth in paragraph 22 of Plaintiff's Complaint are admitted.

23. The averments set forth in paragraph 23 of Plaintiff's Complaint are admitted.

24. The averments set forth in paragraph 24 of Plaintiff's Complaint are admitted.

25. The averments set forth in paragraph 25 of Plaintiff's Complaint are admitted.

26. The averments set forth in paragraph 26 of Plaintiff's Complaint are admitted.

27. The averments set forth in paragraph 27 of Plaintiff's Complaint are denied as Defendant has no independent knowledge of the incident to which there were no witnesses.

28. The averments set forth in paragraph 28 of Plaintiff's Complaint are denied as Defendant has no independent knowledge of the incident to which there were no witnesses.

29. The averments set forth in paragraph 29 of Plaintiff's Complaint are denied as Defendant has no independent knowledge of the incident to which there were no witnesses.

30. The averments set forth in paragraph 30 of Plaintiff's Complaint are denied as Defendant has no independent knowledge of the incident to which there were no witnesses.

31. The averments set forth in paragraph 31 of Plaintiff's Complaint are denied as Defendant has no independent knowledge of the incident to which there were no witnesses. Defendant admits that Plaintiff brought this to the attention of leadership, which immediately launched an investigation into her allegations against Mr. Baltaeff. Those allegations were determined founded and Mr. Baltaeff was fired.

32. The averments set forth in paragraph 32 of Plaintiff's Complaint are denied as Defendant has no independent knowledge of the incident to which there were no witnesses. Defendant admits that Plaintiff brought this to the attention of leadership, which immediately launched an investigation into her allegations

against Mr. Baltaeff. Those allegations were determined founded and Mr. Baltaeff was fired.

33. The averments set forth in paragraph 33 of Plaintiff's Complaint are denied as Defendant has no independent knowledge of the incident to which there were no witnesses. Defendant admits that Plaintiff brought this to the attention of leadership, which immediately launched an investigation into her allegations against Mr. Baltaeff. Those allegations were determined founded and Mr. Baltaeff was fired.

34. The averments set forth in paragraph 34 of Plaintiff's Complaint are denied as Defendant has no independent knowledge of the incident to which there were no witnesses. Defendant admits that Plaintiff brought this to the attention of leadership, which immediately launched an investigation into her allegations against Mr. Baltaeff. Those allegations were determined founded and Mr. Baltaeff was fired.

35. The averments set forth in paragraph 35 of Plaintiff's Complaint are denied as Defendant has no independent knowledge of the incident to which there were no witnesses. Defendant admits that Plaintiff brought this to the attention of leadership, which immediately launched an investigation into her allegations against Mr. Baltaeff. Those allegations were determined founded and Mr. Baltaeff was fired.

36. The averments set forth in paragraph 36 of Plaintiff's Complaint are denied as Defendant has no independent knowledge of the incident to which there were no witnesses. Defendant admits that Plaintiff brought this to the attention of leadership, which immediately launched an investigation into her allegations against Mr. Baltaeff. Those allegations were determined founded and Mr. Baltaeff was fired.

37. The averments set forth in paragraph 37 of Plaintiff's Complaint are denied as Defendant has no independent knowledge of Plaintiff's averments therein.

38. The averments set forth in paragraph 38 of Plaintiff's Complaint are admitted.

39. The averments set forth in paragraph 39 of Plaintiff's Complaint are admitted.

40. The averments set forth in paragraph 40 of Plaintiff's Complaint are denied as stated. Defendant's representatives considered that a phone call with Plaintiff would be more expedient than scheduling an in-person meeting on a Sunday night when Plaintiff made her report.

41. The averments set forth in paragraph 41 of Plaintiff's Complaint are admitted.

42. The averments set forth in paragraph 42 of Plaintiff's Complaint are admitted.

43. The averments set forth in paragraph 43 of Plaintiff's Complaint are admitted. By way of further answer, Mr. Baltaeff was not to be at work the following day and Plaintiff was told to report to Stuart House.

44. The averments set forth in paragraph 44 of Plaintiff's Complaint are denied as Defendant has no independent knowledge of Plaintiff's averments therein.

45. The averments set forth in paragraph 45 of Plaintiff's Complaint are admitted.

46. The averments set forth in paragraph 46 of Plaintiff's Complaint are admitted.

47. The averments set forth in paragraph 47 of Plaintiff's Complaint are denied as Defendant has no independent knowledge of Plaintiff's averments therein.

48. The averments set forth in paragraph 48 of Plaintiff's Complaint are denied as Defendant has no independent knowledge of Plaintiff's averments therein.

49. The averments set forth in paragraph 49 of Plaintiff's Complaint are denied as Defendant has no independent knowledge of Plaintiff's averments therein.

50. The averments set forth in paragraph 50 of Plaintiff's Complaint are admitted only to the extent it is averred that Plaintiff report to on August 25th.

51. The averments set forth in paragraph 51 of Plaintiff's Complaint are admitted.

52. The averments set forth in paragraph 52 of Plaintiff's Complaint are admitted.

53. The averments set forth in paragraph 53 of Plaintiff's Complaint are denied.

54. The averments set forth in paragraph 54 of Plaintiff's Complaint are denied.

55. The averments set forth in paragraph 55 of Plaintiff's Complaint are denied. By way of further answer, Plaintiff was not working alone at this time.

56. The averments set forth in paragraph 56 of Plaintiff's Complaint are denied as stated. By way of further answer, Plaintiff was not working alone at this time.

57. The averments set forth in paragraph 57 of Plaintiff's Complaint are denied.

58. The averments set forth in paragraph 58 of Plaintiff's Complaint are admitted.

59. The averments set forth in paragraph 59 of Plaintiff's Complaint are admitted.

60. The averments set forth in paragraph 60 of Plaintiff's Complaint are denied. To the contrary, Mr. Baltaeff was interviewed in person.

61. The averments set forth in paragraph 61 of Plaintiff's Complaint are denied.

62. The averments set forth in paragraph 62 of Plaintiff's Complaint are admitted.

63. The averments set forth in paragraph 63 of Plaintiff's Complaint are admitted.

64. The averments set forth in paragraph 64 of Plaintiff's Complaint are denied as Defendant has no independent knowledge of Plaintiff's averments therein.

65. The averments set forth in paragraph 65 of Plaintiff's Complaint are denied as Defendant has no independent knowledge of Plaintiff's averments therein.

66. The averments set forth in paragraph 66 of Plaintiff's Complaint are admitted only to the extent it is averred that Plaintiff disclosed Baltaeff's offensive

conduct to S.S. Defendant has no knowledge of the remainder of the averments in paragraph 8.

67. The averments set forth in paragraph 67 of Plaintiff's Complaint are denied as Defendant has no independent knowledge of Plaintiff's averments therein.

68. The averments set forth in paragraph 68 of Plaintiff's Complaint are denied as Defendant has no independent knowledge of Plaintiff's averments therein.

69. The averments set forth in paragraph 69 of Plaintiff's Complaint are denied as Defendant has no independent knowledge of Plaintiff's averments therein.

70. The averments set forth in paragraph 70 of Plaintiff's Complaint are denied as Defendant has no independent knowledge of Plaintiff's averments therein.

71. The averments set forth in paragraph 71 of Plaintiff's Complaint are denied as Defendant has no independent knowledge of Plaintiff's averments therein. However, as Plaintiff was aware, no deposit was required.

72. The averments set forth in paragraph 72 of Plaintiff's Complaint are denied as Defendant has no independent knowledge of Plaintiff's averments therein.

73. The averments set forth in paragraph 73 of Plaintiff's Complaint are denied as Defendant has no independent knowledge of Plaintiff's averments therein.

74. The averments set forth in paragraph 74 of Plaintiff's Complaint are denied as Plaintiff has admitted to policy violations.

75. The averments set forth in paragraph 75 of Plaintiff's Complaint are admitted.

76. The averments set forth in paragraph 76 of Plaintiff's Complaint are denied as Defendant has no independent knowledge of Plaintiff's averments therein.

77. The averments set forth in paragraph 77 of Plaintiff's Complaint are denied as Defendant has no independent knowledge of what Plaintiff learned.

78. The averments set forth in paragraph 78 of Plaintiff's Complaint are denied as Defendant has no independent knowledge of Plaintiff's averments therein.

79. The averments set forth in paragraph 79 of Plaintiff's Complaint are denied as Defendant has no independent knowledge of Plaintiff's reasons stated therein.

80. The averments set forth in paragraph 80 of Plaintiff's Complaint are admitted.

81. The averments set forth in paragraph 81 of Plaintiff's Complaint are denied as stated. Paragraph 81 is admitted only to the extent it is averred that Plaintiff was told she was being placed on administrative leave because she disclosed confidential information and because she accepted money from a potential client, both of which were against policy.

82. The averments set forth in paragraph 82 of Plaintiff's Complaint are denied as stated, and admitted only insofar as it is alleged that Plaintiff was told she would soon be updated on Defendant's decision.

83. The averments set forth in paragraph 83 of Plaintiff's Complaint are denied.

84. The averments set forth in paragraph 84 of Plaintiff's Complaint are denied.

85. The averments set forth in paragraph 85 of Plaintiff's Complaint are denied.

86. The averments set forth in paragraph 86 of Plaintiff's Complaint are admitted.

87. The averments set forth in paragraph 87 of Plaintiff's Complaint are admitted.

88. The averments set forth in paragraph 88 of Plaintiff's Complaint are admitted.

89. The averments set forth in paragraph 89 of Plaintiff's Complaint are denied.

90. The averments set forth in paragraph 90 of Plaintiff's Complaint are denied as stated and admitted only insofar as it is averred that Plaintiff was told that Baltaeff was retrieving his belongings at a time that did not overlap with Plaintiff's assigned time.

91. The averments set forth in paragraph 91 of Plaintiff's Complaint are admitted.

92. The averments set forth in paragraph 92 of Plaintiff's Complaint are admitted.

93. The averments set forth in paragraph 93 of Plaintiff's Complaint are denied.

94. The averments set forth in paragraph 94 of Plaintiff's Complaint are denied.

95. The averments set forth in paragraph 95 of Plaintiff's Complaint are denied.

96. The averments set forth in paragraph 96 of Plaintiff's Complaint are denied.

97. The averments set forth in paragraph 97 of Plaintiff's Complaint are denied.

**COUNT I**
**TITLE VII OF THE CIVIL RIGHTS ACT OF 1964**
**29 U.S.C. § 2000e, *et seq.***
**GENDER AND SEX DISCRIMINATION**
**PLAINTIFF v. DEFENDANT SALVATION ARMY**

98. Defendant incorporates the averments set forth in paragraphs 1 through 97 above as if fully stated herein.

99. The averments set forth in paragraph 99 of Plaintiff's Complaint are admitted.

100. The averments set forth in paragraph 100 of Plaintiff's Complaint state conclusions of law to which no response is required.

101. The averments set forth in paragraph 101 of Plaintiff's Complaint state conclusions of law to which no response is required.

102. The averments set forth in paragraph 102 of Plaintiff's Complaint state conclusions of law to which no response is required.

103. The averments set forth in paragraph 103 of Plaintiff's Complaint state conclusions of law to which no response is required.

104. The averments set forth in paragraph 104 of Plaintiff's Complaint are denied.

105. The averments set forth in paragraph 105 of Plaintiff's Complaint are denied.

106. The averments set forth in paragraph 106 of Plaintiff's Complaint are denied.

107. The averments set forth in paragraph 107 of Plaintiff's Complaint are denied.

108. The averments set forth in paragraph 108 of Plaintiff's Complaint are denied.

WHEREFORE, Defendant respectfully requests this Honorable Court to enter judgment in its favor and deny the relief requested in Plaintiff's Complaint.

**COUNT II**
**TITLE VII OF THE CIVIL RIGHTS ACT OF 1964**
**29 U.S.C. § 2000e, *et seq.***
**RETALIATION**
**PLAINTIFF v. DEFENDANT SALVATION ARMY**

109. Defendant incorporates the averments set forth in paragraphs 1 through 108 above as if fully stated herein.

110. The averments set forth in paragraph 110 of Plaintiff's Complaint state conclusions of law to which no response is required.

111. The averments set forth in paragraph 111 of Plaintiff's Complaint state conclusions of law to which no response is required.

112. The averments set forth in paragraph 112 of Plaintiff's Complaint state conclusions of law to which no response is required.

113. The averments set forth in paragraph 113 of Plaintiff's Complaint state conclusions of law to which no response is required.

114. The averments set forth in paragraph 114 of Plaintiff's Complaint state conclusions of law to which no response is required.

115. The averments set forth in paragraph 115 of Plaintiff's Complaint are denied.

116. The averments set forth in paragraph 116 of Plaintiff's Complaint are denied.

117. The averments set forth in paragraph 117 of Plaintiff's Complaint are denied.

118. The averments set forth in paragraph 118 of Plaintiff's Complaint are denied.

119. The averments set forth in paragraph 119 of Plaintiff's Complaint are denied.

120. The averments set forth in paragraph 120 of Plaintiff's Complaint are denied.

WHEREFORE, Defendant respectfully requests this Honorable Court to enter judgment in its favor and deny the relief requested in Plaintiff's Complaint.

**COUNT III**
**PENNSYLVANIA HUMAN RELATIONS ACT**
**43 P.S. § 951, *et seq.***
**GENDER AND SEX DISCRIMINATION**
**PLAINTIFF v. DEFENDANT SALVATION ARMY**

121. The averments set forth in paragraph 1 through 120 above as if fully stated herein.

122. The averments set forth in paragraph 122 of Plaintiff's Complaint state conclusions of law to which no response is required.

123. The averments set forth in paragraph 123 of Plaintiff's Complaint state conclusions of law to which no response is required.

124. The averments set forth in paragraph 124 of Plaintiff's Complaint state conclusions of law to which no response is required.

125. The averments set forth in paragraph 125 of Plaintiff's Complaint state conclusions of law to which no response is required.

126. The averments set forth in paragraph 126 of Plaintiff's Complaint state conclusions of law to which no response is required.

127. The averments set forth in paragraph 127 of Plaintiff's Complaint are denied.

128. The averments set forth in paragraph 128 of Plaintiff's Complaint are denied.

129. The averments set forth in paragraph 129 of Plaintiff's Complaint are denied.

130. The averments set forth in paragraph 130 of Plaintiff's Complaint are denied.

131. The averments set forth in paragraph 131 of Plaintiff's Complaint are denied.

WHEREFORE, Defendant respectfully requests this Honorable Court to enter judgment in its favor and deny the relief requested in Plaintiff's Complaint.

**COUNT IV**
**PENNSYLVANIA HUMAN RELATIONS ACT**
**43 P.S. § 951, *et seq.***
**RETALIATION**
**PLAINTIFF v. DEFENDANT SALVATION ARMY**

132. The averments set forth in paragraph 1 through 131 above as if fully stated herein.

133. The averments set forth in paragraph 133 of Plaintiff's Complaint state conclusions of law to which no response is required.

134. The averments set forth in paragraph 134 of Plaintiff's Complaint state conclusions of law to which no response is required.

135. The averments set forth in paragraph 135 of Plaintiff's Complaint state conclusions of law to which no response is required.

136. The averments set forth in paragraph 136 of Plaintiff's Complaint state conclusions of law to which no response is required.

137. The averments set forth in paragraph 137 of Plaintiff's Complaint state conclusions of law to which no response is required.

138. The averments set forth in paragraph 138 of Plaintiff's Complaint are denied.

139. The averments set forth in paragraph 139 of Plaintiff's Complaint are denied.

140. The averments set forth in paragraph 140 of Plaintiff's Complaint are denied.

141. The averments set forth in paragraph 141 of Plaintiff's Complaint are denied.

142. The averments set forth in paragraph 142 of Plaintiff's Complaint are denied.

WHEREFORE, Defendant respectfully requests this Honorable Court to enter judgment in its favor and deny the relief requested in Plaintiff's Complaint.

**COUNT V**
**BATTERY**
**PLAINTIFF v. DEFENDANT WILLIAM BALTAEFF**

143.-146. The averments set forth in Count V of Plaintiff's Complaint are directed to Codefendant and require no response from this Defendant.

WHEREFORE, Defendant respectfully requests this Honorable Court to enter judgment in its favor and deny the relief requested in Plaintiff's Complaint.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiff's Complaint fails to state a claim upon which relief may be granted.

### Second Affirmative Defense

Plaintiff's claim for damages may be barred by her failure to mitigate her claimed damages.

### Third Affirmative Defense

Defendant's conduct was legitimate, lawful, and non-discriminatory at all times relevant and at no time did it engage in discrimination or retaliation toward the Plaintiff because of her gender or because she engaged in protected activity.

### Fourth Affirmative Defense

Defendant at all relevant times made a good faith effort to comply with all applicable statutes and law and Plaintiff therefore cannot recover punitive damages.

### Fifth Affirmative Defense

All of Defendant's actions towards the Plaintiff were taken based upon legitimate, non-discriminatory business reasons and were justified.

**Sixth Affirmative Defense**

Defendant pleads the *Ellerth/Faragher* defense to the extent applicable to the claims made herein.

**Seventh Affirmative Defense**

Plaintiff's discrimination and retaliation claims fail under the analysis set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S. Ct. 1817, 36 L. Ed. 2d 668.

**Eighth Affirmative Defense**

Plaintiff's claims may be barred by after-acquired evidence.

**Ninth Affirmative Defense**

There is no causal connection between any alleged adverse action and any protected activity by Plaintiff.

**Tenth Affirmative Defense**

Plaintiff's Complaint may be barred by applicable statutory and administrative limitations.

Respectfully submitted,

**MARSHALL DENNEHEY, P.C.**

BY: *s/ Patricia A. Monahan*
Patricia A. Monahan, Esquire
PA I.D. #58784
pamonahan@mdwcg.com
Union Trust Building
501 Grant Street, Suite 700
Pittsburgh, PA 15219
(412) 803-1140 // (412) 803-1188/fax
Counsel for Defendant,
The Salvation Army

Date: October 13, 2026

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 13th day of October, 2026, the foregoing **Answer and Affirmative Defenses to Plaintiff's Complaint** was electronically filed with the Clerk of Court using the CM/ECF system which will send notification of such filing to counsel of record, which service satisfies the requirements of the Federal Rules of Civil Procedure.

**MARSHALL DENNEHEY, P.C.**

BY: *s/ Patricia A. Monahan*

Patricia A. Monahan, Esquire
PA I.D. #58784
pamonahan@mdwcg.com
Union Trust Building
501 Grant Street, Suite 700
Pittsburgh, PA 15219
(412) 803-1140 // (412) 803-1188/fax
Counsel for Defendant,
The Salvation Army